# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTINEZ and VICTOR PAZ, on behalf of themselves, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SEALED AIR CORPORATION (US); and DOES 1 to 100<br><br>Defendants. | Case No. 2:18-cv-09881 DSF (GJSx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1

## I. RECITALS

This action is currently pending before this Court as a putative class action (the "Action"). Plaintiffs have applied to this Court for an order preliminarily approving the settlement of the Action in accordance with the Joint Stipulation of Class Settlement and Release (the "Joint Stipulation"), which together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and entry of judgment on the terms and conditions set forth therein. The Court has read and considered the Memorandum of Points and Authorities in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Declaration of David Mara, Esq., Declaration of Marcus Bradley, Esq., Declaration of Walter Haines, Esq., and attached exhibits. For purposes of this Order, the Court adopts all defined terms as set forth in the Joint Stipulation.

## II. FINDINGS

After review and consideration of the Joint Stipulation and Plaintiffs' Motion for Preliminary Approval and the papers in support thereof, the Court hereby finds and orders as follows:

1. The Joint Stipulation falls within the range of reasonableness meriting possible final approval.

2. The certification of the Class solely for purposes of settlement is appropriate in that: (1) the Class Members are so numerous that joinder of all Class Members is impracticable; (2) there are questions of law and fact common to the Class which predominate over any individual questions; (3) Plaintiffs' claims are typical of the claims of the Class; (4) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class; and (5) a class action, and class-wide resolution of the action via class settlement procedures is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Joint Stipulation, and the obligations of the Parties as set forth therein, is fair, reasonable, and is an adequate settlement of this case and is in the best

interests of the Class in light of the factual, legal, practical, and procedural considerations raised by this case.

4. Plaintiffs do not have any conflicts that would preclude them from serving as Class Representatives, and their appointment comports with the requirements of due process.

5. Class Counsel does not have any conflicts that would preclude them from acting as Class Counsel, and they meet the requirements of the Federal Rules of Civil Procedure for appointment as Class Counsel and the requirements of due process.

6. The Notice of Class Settlement attached as Exhibit A to the Joint Stipulation (as revised) complies with due process because the Notice of Proposed Class Settlement is reasonably calculated to adequately apprise Class Members of: (i) the pending lawsuit; (ii) the terms of the proposed Joint Stipulation; and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement. Plaintiffs' proposed plan for class notice and settlement administration is the best notice practicable under the circumstances and is in full compliance with the Federal Rules of Civil Procedure and the requirements of due process, and the Notice of Class Settlement complies with the Federal Rules of Civil Procedure and the requirements of due process, and is appropriate as part of the proposed plan for notice to Class Members.

### III. ORDER

IT IS ORDERED:

1. The Court finds on a preliminary basis that the provisions of the Joint Stipulation, filed with the Court as Exhibit 1 to the Declaration of David Mara, Esq., are fair, just, reasonable, and adequate and, therefore, meet the requirements for preliminary approval.

2. The Court certifies, for settlement purposes only, the following class ("Class") described in the Motion for Preliminary Approval:

**All current and former non-exempt employees who currently work or formerly worked for Defendant in California at any time from October 19, 2014 through October 11, 2019.**

3. The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied.

4. This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited in this or any other matter for the purpose of seeking class certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Joint Stipulation.

5. The Court appoints for settlement purposes only, Brian Martinez and Victor Paz as the Class Representatives.

6. The Court appoints for settlement purposes only, David Mara of Mara Law Firm, PC; Marcus Bradley of Bradley Grombacher, LLP; and Walter Haines of United Employees Law Group, PC[1]; as Class Counsel for the purposes of settlement and the releases and other obligations therein.

7. ILYM Group, Inc. is appointed as Settlement Administrator.

8. The Notice of Class Settlement, in the form attached to the Joint Stipulation as Exhibit A, is approved.

9. The Settlement Administrator is ordered to mail the Notice of Proposed Class Settlement to the Class Members as provided in the Joint Stipulation.

10. Each Class Member will have 45 days after the date on which the Settlement Administrator mails the Notice of Proposed Class Settlement to object to the Settlement by informing the Settlement Administrator in writing of his or her intent to object by following the procedure set forth in the Notice of Proposed Class

---

[1] Mr. Haines' appointment is subject to his providing further details concerning his experience at the time of the final fairness and approval hearing.

Settlement no later than 45 days after the mailing of the Notice of Proposed Class Settlement.

11. Any Class Member who has submitted such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Fairness and Approval Hearing and object to the approval of the Agreement or the award of attorneys' fees and reimbursement of expenses to Class Counsel. No Class Member, or any other person, shall be heard or entitled to contest the approval of the proposed Joint Stipulation, the judgment to be entered approving the same, or the award of attorneys' fees and reimbursement of expenses to Class Counsel, unless that Class Member has submitted written objections in the manner set forth herein. The Parties may file any response to the objections submitted by objecting Class Members, if any, no later than seven days before the Final Fairness and Approval Hearing.

12. Any Class Member who does not make his or her objection(s) in the manner so provided herein and in the Notice of Proposed Class Settlement shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed settlement as incorporated in the Joint Stipulation and the award of attorneys' fees and reimbursement of expenses to counsel and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court.

13. Each Class Member who wishes to be excluded from the settlement shall sign and mail a written Exclusion Request to the Settlement Administrator. The written Exclusion Request must state the individual's name, address, home telephone number, approximate dates of employment in a class position, last four digits of his or her Social Security number, and a statement that he or she requests to be excluded from the Class and does not wish to participate in the Settlement. It must be sent and post-marked no later than 45 days after the mailing of the Notice of Proposed Class Settlement.

14. If the Agreement is not finally approved by the Court or for any reason is terminated or the Final date of the settlement does not occur for any reason whatsoever, the Joint Stipulation and the proposed settlement that is the subject of this Order, and all evidence and proceedings had in connections therewith, shall be without prejudice to the *status quo ante* rights of the Parties to the litigation, as more specifically set forth in the Joint Stipulation.

15. The final fairness and approval hearing shall be held on Monday, March 16, 2020, at 1:30 p.m. before the Honorable Dale S. Fischer, in Courtroom 7D of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012. At that time, the Court shall determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Joint Stipulation is fair, just, reasonable and adequate and should be finally approved; (b) whether judgment as provided in the Joint Stipulation should be entered herein; and (c) whether to approve Class Counsel's application for an award of attorneys' fees and costs, Plaintiffs' application for general release payments, and Plaintiffs' request for payment of expenses to the Settlement Administrator. The Court may continue or adjourn the Final Fairness and Approval Hearing without further notice to members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement, with such modifications as may be agreed to by the parties to the settlement, if appropriate, without further notice to the Class.

16. During the Court's consideration of the settlement and pending further order of the Court, all proceedings in this case, other than proceedings necessary to carry out the terms and provisions of the Joint Stipulation, or as otherwise directed by the Court, are hereby stayed and suspended.

17. To facilitate administration of the settlement pending final approval, the Court hereby enjoins the Class Members from prosecuting the Released Claims

against Defendants or any of the other Released Parties unless and until the Class Member files a valid Exclusion Request.

18. The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as a finding by the Court, or an admission on the part of Defendants or any of the other Released Parties, of any fault or omission with respect to any claim or that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendants or any of the other Released Parties to oppose class certification in this action, should the proposed Joint Stipulation not be granted final approval.

IT IS SO ORDERED.

DATED: November 18, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE