JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTINEZ and VICTOR PAZ, on behalf of themselves, all others similarly situated, and on behalf of the general public,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>SEALED AIR CORPORATION (US); and DOES 1-100,<br><br>                    Defendants. | Case No.  2:18-cv-09881 DSF (GJSx)<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT** |

## I.   RECITALS

This matter came on for hearing on March 16, 2020, in Courtroom 7D of the above-captioned Court on Plaintiff's unopposed Motion for Final Approval of Class Action Settlement in the putative class action (the "Action") currently pending before this Court.

Having received and considered the Joint Stipulation and Settlement Agreement (the "Settlement Agreement" or "Settlement"), which together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and entry of judgment on the terms and conditions stated, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement, and the instant Motion for Final Approval of Class Action Settlement, the Court grants final approval of the Settlement Agreement and ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

## II.   FINDINGS

After review and consideration of the Settlement Agreement (Dkt. No. 39-1) and Plaintiffs' Motion for Final Approval of Class Action Settlement and the supporting papers, the Court finds and orders as follows:

1.       Pursuant to the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 40), a Notice of Class Action Settlement ("Class Notice") was mailed to 328 members of the Class ("Class Members") by first-class U.S. Mail and email on December 23, 2019. Eight individuals who were not Class Members were inadvertently included in the mailing and were notified on January 10, 2020 they were not Class Members. Nine individuals were inadvertently excluded from the from the initial mailing were later identified and provided notice on January 10, 2020. As of

– 1 –

1   January 10, 2020, the Class Notice was provided to all 329 Class

2   Members.

3   2.   The Court finds that distribution of the Class Notice in the manner set

4   forth in the preliminary approval order and the Settlement Agreement

5   constitutes the best notice practicable under the circumstances, and

6   constituted valid, due and sufficient notice to all Class Members,

7   complying fully with the requirements of Rule 23 of the Federal Rules

8   of Civil Procedure, the Constitution of the United States, and any

9   other applicable laws.  The Class Notice procedure set forth in the

10   Settlement Agreement provides a means of notice reasonably

11   calculated to apprise the Class Members of the pendency of the action

12   and the proposed settlement, and thereby meets the requirements of

13   Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due

14   process under the United States Constitution, and any other applicable

15   law, and constitutes due and sufficient notice to all Class Members.

16   3.   The Class Notice informed the Class Members of the terms of the

17   Settlement, of their right to submit objections, if any, and to appear in

18   person or by counsel at the final approval hearing and to be heard

19   regarding approval of the settlement, of their right to request exclusion

20   from the Class and the settlement, and of the date set for the Final

21   Approval hearing.  Adequate periods of time were provided by each

22   of these procedures. No member of the Class filed a written objection

23   to the proposed Settlement as part of this notice process or stated an

24   intention to appear at the final approval hearing, and four Class

25   Members have requested exclusion from the Class and the Settlement.

26   Therefore, 98.8% of the Class Members are participating in the

27   settlement.

28

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT

4.     The Court finds and determines that the notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  The Court finds and determines that the Class Notice was the best notice practicable, which satisfied the requirements of law and due process.

5.     Solely for the purpose of settlement in accordance with the Settlement Agreement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to settlement approval of class actions have been satisfied, and the Court hereby certifies the following Class: All current and former non-exempt employees who currently work or formerly worked for Defendant in California at any time from October 19, 2014 through October 11, 2019. (Dkt. No. 39-1).

6.     Pursuant to the Settlement Agreement, and for settlement purposes only, the Court further finds as to the Class that:

   a.     The Class is so numerous that joinder of all members is impracticable;

   b.     There are questions of law or fact common to the Class which predominate over the questions affecting only individual members;

   c.     The claims of the Class Representatives are typical of the claims of the Class that the Class Representatives seek to certify;

   d.     The Class Representatives, Plaintiffs Brian Martinez and Victor Paz, have fairly and adequately protected the interests of the Class and are, therefore, appointed as the

– 3 –

representatives of the Class;

    e.    Class Counsel, David Mara of Mara Law Firm, PC; Marcus Bradley of Bradley Grombacher, LLP; and Walter Haines of United Employees Law Group, PC, have fairly and adequately protected the interests of the Class and are qualified to represent the Class and are, therefore, appointed as attorneys for the Class for purposes of settlement; and

    f.    Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

7.    The Court finds that Class Counsel is not receiving a disproportionate distribution of the Settlement.

8.    The Court finds that the Settlement is fair when compared to the strength of Plaintiffs' case, Defendant's defenses, the risks involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

9.    The Court finds that the Parties conducted adequate investigation and research, and that their attorneys were able to reasonably evaluate their respective positions. The Court finds that the Settlement was reached as a result of informed and non-collusive arm's-length negotiation.

10.    The Court finds that Class Counsel has experience acting as class counsel in complex class action cases and their view on the reasonableness of the settlement was therefore given its due weight. The Court further finds that the Class's reaction to the settlement – with no objections and four valid requests for exclusion – weighs in favor of granting Final Approval of the Settlement.

– 4 –

11.    The Settlement Agreement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant.  Neither this Order, the Settlement, nor any document referred to in this Order, nor any action taken to carry out the Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

12.    The Court finds and determines that the individual Settlement Payments to be paid to each Participating Class Member as provided for by the Settlement are fair and reasonable.

## III.    ORDER

IT IS HEREBY ORDERED as follows:

1.    The Court gives final approval to and orders the payment of the individual Settlement Payments be made to the Participating Class Members in accordance with the terms of the Settlement.

2.    The Settlement Administration costs in the amount of $15,000 are approved and ordered paid to ILYM Group, Inc. in accordance with the terms of the Settlement Agreement.[1]

3.    Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for in the Settlement Agreement.

4.    The Class Representatives and all Participating Class Members are permanently barred and enjoined from prosecuting against Defendant, and the Released Parties, any of the Released Claims as defined in the Settlement Agreement.

---

[1] The Court determines by a separate order the requests by Plaintiffs, the Class Representatives, through Class Counsel, for the payment of the class representative payments, Class Counsel's Attorneys' Fees and Costs. Any Court order regarding the application of these payments shall in no way disturb or affect this Order and shall be considered separate from this Order.

– 5 –

5.      Without affecting the finality of this Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

6.      Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that Defendant makes payments to Participating Class Members in accordance with the Settlement.

7.      The Court enters final judgment in this case in accordance with the terms of the Settlement Agreement, Order Granting Motion for Preliminary Approval of Class Settlement, and this Order.

8.      This Order shall constitute a final judgment.

9.      The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Order.

IT IS SO ORDERED.

DATED:  March 25, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

– 6 –

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT